UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES C. LARSEN § | |
| § | |
| and § | |
| § | |
| JOHN M. KUMMROW § | CIVIL ACTION NO. _____ |
| § | |
| Plaintiffs § | |
| § | |
| v. § | |
| § | |
| SCORPIO ERNESTO DRILLING § | |
| COMPANY, LTD. § | |
| § | |
| and § | |
| § | |
| SCORPIO DRILLING PTE LTD. § | |
| § | |
| and § | |
| § | |
| SCORPIO DRILLING INTERNATIONAL § | |
| PTE LTD. § | |
| § | |
| and § | |
| § | |
| GLOBAL TENDER BARGES DRILLING § | |
| SERVICES SDN BHD § | |
| § | |
| Defendants. § | |

**<u>VERIFIED COMPLAINT FOR RULE B MARITIME ATTACHMENT</u>**

**COME NOW** Plaintiffs, James C. Larsen ("Larsen") and John M. Kummrow ("Kummrow"), through undersigned counsel, as and for their Verified Complaint against Defendants, Scorpio Ernesto Drilling Company, Ltd., Scorpio Drilling Pte Ltd., Scorpio Drilling International Pte Ltd., and Global Tender Barges Drilling Services Sdn Bhd (collectively, "the Scorpio Entities" or "Defendants"), *in personam*, and for maritime attachment and garnishment of property owned by Scorpio Ernesto Drilling Company, Ltd., Scorpio Drilling Pte Ltd.,

Scorpio Drilling International Pte Ltd., and/or Global Tender Barges Drilling Services Sdn Bhd, represents upon information and belief as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is for the breach of maritime contracts and for unjust enrichment/quantum meruit arising out of maritime contracts.

2. The jurisdiction and venue of this Court is founded on the presence within the District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provision of Rule B of the Supplemental Rules for Certain Maritime Claims.

## II. PARTIES

3. Plaintiff James C. Larsen is a citizen of the United States domiciled in Houston, Texas.

4. Plaintiff John M. Kummrow is a citizen of Australia domiciled in Melbourne, Australia.

5. Defendant Scorpio Ernesto Drilling Company, Ltd. is, upon information and belief, a company organized in the Federal Republic of Nigeria that has its principal place of business at Plot 1679 Karimu Kotun Street, Victoria Island, Lagos, Nigeria. Upon information and belief, Scorpio Ernesto Drilling Company, Ltd., is the owner of the drilling barge SCORPIO 300 and the equipment that is sought to be attached in this action. Scorpio Ernesto Drilling Company, Ltd. cannot be found within the District as that term is known under Supplemental Rule B, and has no office, officers or directors within the Southern District of Texas.

6.     Defendant Scorpio Drilling Pte Ltd. is, upon information and belief, a company organized in Dubai, United Arab Emirates, with a mailing address of P.O. Box 62424, Dubai, United Arab Emirates. Scorpio Drilling Pte Ltd. entered into employment agreements with Plaintiffs, under which Plaintiffs provided services and other benefits to the SCORPIO 300. Scorpio Drilling Pte Ltd. cannot be found within the District as that term is known under Supplemental Rule B, and has no office, officers or directors within the Southern District of Texas.

7.     Defendant Scorpio Drilling International Pte Ltd. is, upon information and belief, a company organized in Singapore with a principal place of business located at 1 Marine Boulevard, #28-00, Singapore 018989.  Scorpio Drilling International Pte Ltd. is, upon information and belief, the parent company of the Scorpio Entities and received the benefit of Plaintiffs' services to the SCORPIO 300.  Scorpio Drilling International Pte Ltd. cannot be found within the District as that term is known under Supplemental Rule B, and has no office, officers or directors within the Southern District of Texas.

8.     Defendant Global Tender Barges Drilling Services Sdn Bhd is, upon information and belief, a Malaysian company with its principal place of business located at #19-4 G Tower, 199 Jalan Tun Razak, Kuala Lumpur, Malaysia 50400.  Global Tender Barges Drilling Services Sdn Bhd is a subsidiary of Scorpio Drilling International.  Global Tender Barges Drilling Services Sdn Bhd entered into an employment agreement with Plaintiff Kummrow under which Kummrow provided services and other benefits to the SCORPIO 300.  Global Tender Barges Drilling Services Sdn Bhd cannot be found within the District as that term is known under Supplemental Rule B, and has no office, officers or directors within the Southern District of Texas.

### III. FACTS

9. Larsen was employed under an Employment Agreement with Scorpio Drilling Pte Ltd., dated November 1, 2014, to provide services to the drilling barge SCORPIO 300, which, upon information and belief, is owned by Scorpio Ernesto Drilling Company, Ltd., during the SCORPIO 300's refurbishment and retrofit in Port Arthur, Texas. During his employment, Larsen provided services to the vessel related to its refurbishment and retrofitting, including engineering and project management services.

10. Larsen incurred expenses in the total amount of $163,054.65 for the SCORPIO 300 retrofit/refurbishment, including travel and living expenses, payments to crew members, and expenses for purchasing supplies and tools for the vessel retrofit.

11. Pursuant to Larsen's Employment Agreement, he was to be paid $30,022.63 per month in salary for his work during the vessel refurbishment. However, Larsen was not paid for five (5) months of his work, totaling $150,113.15 in unpaid compensation.

12. Kummrow was also employed under an Employment Agreement with Scorpio Drilling Pte Ltd., dated October 3, 2014, to provide services to the drilling barge SCORPIO 300.[1] During his employment, Kummrow provided services to the vessel related to its refurbishment and retrofitting, including engineering and project management services. In addition, Mr. Kummrow trained to be the rig operator of the SCORPIO 300.

13. Pursuant to Kummrow's Employment Agreements, he was to be paid $22,565.81 per month in salary from January 1, 2015-March 20, 2015, and $14,437.50 per month in salary from March 20, 2015-July 31, 2015, for his services to the SCORPIO 300. In addition, his agreement provided for travel expenses, medical coverage, a per diem allowance, and other

---

[1] Kummrow entered into a second Employment Agreement dated March 20, 2015, with Global Tender Barges Drilling Services Bdn Bhd, a subsidiary of Scorpio Drilling International, under which Kummrow provided the same services to the SCORPIO 300 that he was providing under the first Employment Agreement.

benefits. Kummrow has not been paid for his salary, expenses, or benefits from January 1, 2015-July 31, 2015. Salary for this period totals $123,306.41 and unpaid expenses and benefits total $57,547.42. Thus, the total amount due to Kummrow is $180,853.83.

14. Larsen and Kummrow were assigned to Port Arthur, Texas, pursuant to their employment contracts, to participate in the refurbishment and retrofitting of the SCORPIO 300.

15. Larsen's and Kummrow's services were for the benefit of the SCORPIO 300, in order to refurbish and retrofit the vessel. The services were related to repairs and refurbishment of the vessel and included furnishing supplies and accessories to the vessel.

16. Larsen's and Kummrow's employment agreements were maritime contracts and their services and incurred expenses for the benefit of the SCORPIO 300 were maritime in nature.

17. The Scorpio Entities have breached their employment agreements with Larsen and Kummrow.

18. The Scorpio Entities have been unjustly enriched by the services and benefits conferred by Larsen and Kummrow.

## FIRST CLAIM FOR RELIEF – BREACH OF MARITIME CONTRACTS

19. Pursuant to their employment agreements, Larsen and Kummrow travelled to Port Arthur, Texas and provided services and other benefits to the SCORPIO 300.

20. Larsen's and Kummrow's employment agreements, under which they provided services and other benefits to the SCORPIO 300 during its refurbishment/retrofit, are maritime contracts.

5

21. Despite demands, the Scorpio Entities have failed to make the contractually required payments to Plaintiffs under the terms of their employment agreements for the services and benefits provided to the SCORPIO 300.

22. Thus, the Scorpio Entities are in breach of the employment agreements.

23. Larsen has been damaged in the total amount of $313,167.80 as a result of the breach. This is the sum of Larsen's compensation ($150,113.15) and Larsen's expenses and the costs of other benefits and advances for the benefit of the SCORPIO 300 ($163,054.65).

24. Kummrow has been damaged in the total amount of $180,853.83 as a result of the breach.

### SECOND CLAIM FOR RELIEF – QUANTUM MERUIT/UNJUST ENRICHMENT

25. Plaintiffs incorporate by reference each and every allegation contained above as if fully set forth herein.

26. Plaintiffs provided valuable services, including engineering and project management services, and materials to the SCORPIO 300 for the retrofit and refurbishment project. Plaintiffs incurred reimbursable expenses for the benefit of the SCORPIO 300 project.

27. The Scorpio Entities accepted, used, and enjoyed the services and materials that Plaintiffs provided for the benefit of the SCORPIO 300.

28. The Scorpio Entities were aware of the services and benefits rendered by Plaintiffs for the benefit of the SCORPIO 300.

29. Despite demand, the Scorpio Entities have failed to pay Plaintiffs for the services and benefits provided to the SCORPIO 300.

30. The Scorpio Entities have been unjustly enriched by the services and benefits provided by Plaintiffs to the SCORPIO 300.

**IV. RULE B ATTACHMENT**

31.     The Scorpio Entities cannot be found within the District as that term is known under Supplemental Rule B. Accordingly, Plaintiffs contemporaneously files its Motion for Issuance of Maritime Attachment, wherein Plaintiffs seek an order from this Court that a Writ of Attachment issue for the following property that is, upon information and belief, which is believed to be the property of Scorpio Ernesto Drilling Company, Ltd. and is physically located in this judicial District:

Drill pipe, drill collars, and other equipment for the SCORPIO 300 that is currently located at Houston Heavy Machinery, LLC, 14430 Grant Road, Cypress, Texas 77429.

**WHEREFORE**, Plaintiffs James C. Larsen and John M. Kummrow, respectfully pray that:

1.  Process in due form of law, according to the rules and practices of this Honorable Court, may issue against Defendants, citing them personally to appear and answer all and singular the matters aforesaid;

2.  Because Defendants cannot be found within the District, that their property, goods, chattels, or credits and effects, namely the drill pipe, drill collars, and other equipment located at Houston Heavy Machinery, LLC, 14430 Grant Road, Cypress, Texas 77429 be attached in this proceeding to the amount of the claim asserted herein under a Writ of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

3.  This Court retain jurisdiction over Defendants through the attachment of their property, goods, chattels, or credits and effects as described above, in order to be in the position to enter judgment upon and decree by this Court with respect to the disputes herein;

4. Any property attached in this proceeding may be sold under the direction of this Court and the proceeds of the sale be brought into this Court;

5. Judgment be entered in favor of Plaintiffs for the amount of their claims, with interest, attorney's fees, costs including *custodia legis* costs;

6. For such other, further and different relief as this Court may deem proper.

Respectfully submitted,

*/s/ Timothy W. Strickland*
Timothy W. Strickland
Texas Bar No. 19396298
S.D. Tex. ID No. 13820
strick@frfirm.com
Stacey T. Norstrud
Texas Bar No. 24025363
S.D. Tex. ID No. 32013
sn@frfirm.com
FOWLER RODRIGUEZ
4 Houston Center
1331 Lamar, Suite 1560
Houston, Texas  77010
Tel:    713-654-1560
Fax:   713-654-7930

*Attorneys for Plaintiffs*

## **SERVICE INSTRUCTIONS**

Please attach the drill pipe, drill collars, and other equipment for the SCORPIO 300 being stored at Houston Heavy Machinery, LLC, 14430 Grant Road, Cypress, Texas 77429.

Please withhold service on the other defendants until further notice.